UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL JENKINS,

                Plaintiff,                      Case No. 2:20-cv-13339

                                         District Judge David M. Lawson

v.                                      Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 17),
GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF
No. 20) and AFFIRM THE COMMISSIONER'S DECISION**

I.    **RECOMMENDATION**:  For the reasons that follow, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary

judgment (ECF No. 17), **GRANT** Defendant's motion for summary judgment

(ECF No. 20), and **AFFIRM** the Commissioner's decision.

II.    **REPORT**

        Plaintiff Carol Jenkins brings this action under 42 U.S.C. § 405(g) and 42

U.S.C. § 1383(c)(3) for review of a final decision of the Commissioner of Social

Security (Commissioner) denying her applications for Disability Insurance (DI)

benefits and Supplemental Security Income (SSI).  This matter is before the United

States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (ECF No. 17), the Commissioner's cross-motion for summary judgment (ECF No. 20), and the administrative record (ECF No. 14).

## A.    Background and Administrative History

In her May 15, 2019 applications for disability insurance benefits (DIB) and SSI, Plaintiff alleges her disability began on April 25, 2019, at the age of 51.  (ECF No. 14, PageID.372, 378.)  In her disability report, she lists epilepsy, brain tumor on right frontal lobe (craniotomies x2 2017), ovarian masses, hypertension, type 2 diabetes, numbness in both legs and left arm, fall risk (unsteady balance) uses a walker, severe memory issues, hallucinations, and dizziness/blurred vision as limiting her ability to work.  (ECF No. 14, PageID.401.)  Her applications were initially denied on October 2, 2019 (ECF No. 14, PageID.165-168), and denied on reconsideration on November 26, 2019 (ECF No. 14, PageID.187-190).

Plaintiff requested a hearing by an Administrative Law Judge (ALJ).  (ECF No. 14, PageID.296-297.)  On May 20, 2020, ALJ James J. Kent held a hearing at which Plaintiff and a vocational expert (VE), Amelia Shelton, testified.  (ECF No. 14, PageID.92-111.)  ALJ Kent issued his opinion on June 5, 2020, which determined that Plaintiff was not disabled within the meaning of the Social Security Act.  (ECF No. 14, PageID.72-91.)

Plaintiff submitted a request for review of the hearing decision/order.  (ECF No. 14, PageID.364-366.)  However, on October 22, 2020, the Appeals Council denied Plaintiff's request for review.  (ECF No. 14, PageID.50-55.)  Thus, ALJ Kent's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on December 21, 2020.  (ECF No. 1.)

### B.    Plaintiff's Medical History

The administrative record contains approximately 695 pages of medical records, which were available to the ALJ at the time of his June 5, 2020 decision. (ECF No. 14, PageID.480-1175 [Exhibits B1F-B11F].)  These materials will be discussed in detail, as necessary, below.

### C.    The Administrative Decision

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 25, 2019, her alleged onset date.  (ECF No. 14, PageID.78.)  At **Step 2**, the ALJ found that Plaintiff had the following severe impairments: epilepsy, obesity, intracranial meningioma status-post resection, depression, and anxiety.  (ECF No. 14, PageID.78.)  At **Step 3**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (ECF No. 14,

PageID.78-79.)  **Between Steps 3 and 4** of the sequential process, the ALJ

evaluated Plaintiff's residual functional capacity (RFC)[1] and determined that

Plaintiff had the RFC:

> to perform medium work . . . except the claimant cannot climb
> ladders, can occasionally climb stairs, and frequently perform
> remaining posturals; must avoid all exposure to dangerous moving
> machinery and unprotected heights; cannot perform commercial
> driving; can perform simple, routine, repetitive work in a low stress
> environment with few (if any) changes in the work setting and no
> production rate pace work.

(ECF No. 14, PageID.79-84.)  At **Step 4**, the ALJ determined that Plaintiff was

unable to perform any past relevant work.  (ECF No. 14, PageID.84.)  At **Step 5**,

considering Plaintiff's age, education, work experience, and RFC, the ALJ

determined that there were jobs that existed in significant numbers in the national

economy that Plaintiff could perform, such as cleaner and assembler.  (ECF No.

14, PageID.84-85.)  The ALJ therefore concluded that Plaintiff had not been under

a disability, as defined in the Social Security Act, since April 25, 2019.  (ECF No.

14, PageID.85.)

### D.    Standard of Review

---

[1] The claimant's "residual functional capacity" is an assessment of the most the
claimant can do in a work setting despite his or her physical or mental limitations.
20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d
235, 239 (6th Cir. 2002).

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384,

5

395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487

(1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this

Court defers to that finding 'even if there is substantial evidence in the record that

would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*,

581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273

(6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence

standard, "'a decision of the Commissioner will not be upheld where the SSA fails

to follow its own regulations and where that error prejudices a claimant on the

merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651

(quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E. Analysis

#### 1. Inadequate briefing and discernable issues

In a woefully inadequate brief in which eleven full pages are devoted solely

to a blow-by-blow summary of the hearing transcript, with only what amounts to a

single page of underdeveloped, unclear, and unsupported "argument," Plaintiff

asserts, insofar as the Court can discern, that: (1) the RFC is unsupported by

substantial evidence because the ALJ did not discuss all of her conditions; and (2)

the objective medical evidence of record confirms her subjective statements

regarding the severity of her symptoms. (ECF No. 17, PageID.1199-1200.) This

is not the first time that Plaintiff's counsel has run afoul of this Court's higher

expectations with regard to briefing, including its requirement that the legal issues be clearly designated. *See* Case No. 19-11143, ECF No. 14, PageID.812-813 (thirteen total lines of briefing, pages not numbered, issues not clear) and 21-11348, Text-Only Order of Nov. 16, 2021 (striking brief for failure to comply with Practice Guidelines and Local Rules 7.1(d)(2) and 7.1(d)(3)(A)). This ongoing pattern of half-baked briefing does little to help the client or aid the Court, and may soon require further inquiry into counsel's status as a practitioner in this tribunal.

The Commissioner opposes Plaintiff's motion, arguing that substantial evidence supports the ALJ's RFC determination. (ECF No. 20, PageID.1208-1209, 1211-1231.) For the reasons that follow, I agree with the Commissioner.

### 2.    RFC determination

The Plaintiff bears the burden of proof at Steps 1-4, including proving her RFC. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five.") (citing *Young v. Sec'y of Health and Human Servs.*, 925 F.2d 146, 148 (6th Cir. 1990)); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) ("The claimant, however, retains the burden of proving her lack of residual functional capacity."). The Commissioner has the burden of proof only on "the fifth step, proving that there is

work available in the economy that the claimant can perform[.]" *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391-92 (6th Cir. 1999).

Plaintiff's RFC is "the most [she] can still do despite the physical and mental limitations resulting from [her] impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1545(a). The determination of Plaintiff's RFC is an issue reserved to the Commissioner and must be supported by substantial evidence. 20 C.F.R. § 404.1527(d)(2). Pursuant to Social Security Rule (SSR) 96-8p, the RFC assessment must include:

> [A] narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7. "The ALJ need not decide or discuss uncontested issues, 'the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record.'" *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002) (citation omitted).

8

Further, to determine whether a claimant is disabled, an ALJ must consider all of a claimant's symptoms and the extent to which those symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a), (c); SSR 16-3p, 2017 WL 5180304, at *2. This involves a two-step process. First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." SSR 16-3p, 2017 WL 5180304, at *3; *see also* 20 C.F.R. § 404.1529. "Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, [the ALJ] evaluate[s] the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities . . . ." SSR 16-3p, 2017 WL 5180304, at *3.

> **3.     The Court should find that the ALJ appropriately applied the above standards, and that Plaintiff has identified no error in the RFC assessment**
>
> **a.     Physical impairments**

Plaintiff cursorily asserts that the RFC is unsupported by substantial evidence because she "has been receiving treatment for numerous health impairments including epilepsy, brain tumor status post two surgeries, fatigue, dizziness, left sided weakness of the arm and leg, mild to moderate

encephalopathy, depression rated as severe, [and] activity restrictions regarding any activity to herself or others," and that "[s]ome of these conditions were discussed by the Administrative Law Judge in his opinion but others were not." (ECF No. 17, PageID.1199-1200.)  Further, again in extremely broad brush fashion, Plaintiff asserts that the medical evidence of record supports her "statements regarding difficulties which she experiences, and those difficulties would prevent her from engaging in work activity."  (ECF No. 17, PageID.1200.) These arguments lack any merit.

First, I note that Plaintiff's briefing is entirely inadequate.  She not only fails to cite, at least in the argument portion of her brief, to those portions of the record which support her assertions, but also fails to identify which of the listed diagnoses and symptoms the ALJ declined to discuss in his opinion.  Accordingly, Plaintiff has waived her argument that the RFC is unsupported by substantial evidence.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation marks and citations omitted*).  See also Henderson v. Comm'r of Soc. Sec.*, No. 14-12675, 2015 WL 2063096, at *2 (E.D. Mich. May 4, 2015) ("[A]

plaintiff cannot simply claim that the ALJ erred while leaving it up to the Court to scour the record to support this claim.") (quotation marks and citation omitted).

In any event, the ALJ did in fact address each of the conditions and symptoms Plaintiff lists in her argument. And, in so doing, he considered the record as a whole in accordance with SSR 16-3p by comparing Plaintiff's statements of her symptoms to the other evidence and incorporating into the RFC limitations associated with the conditions, but concluded that while her "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (ECF No. 14, PageID.80.)

For example, the ALJ discussed Plaintiff's 2017 frontal meningioma surgery, April 2019 MRI showing encephalomalacia, seizures, and weakness on her left side (ECF No. 14, PageID.80-81 (citing ECF No. 14, PageID.480-925, 995-1036 [Exhibits B1F-B4F, B7F-B8F])), but found that:

> The medical record does not support the degree of dysfunction alleged however. The claimant received no further ER/hospital treatment since early May of 2019 for seizure activity. Although she testified to one in November of 2019, treatment notes from this time reveal no such complaints. Instead, she reported problems balancing and walking (Exhibit B8F). The record contains no updated imaging (e.g. more recent EEG or brain imaging) since April of 2019 (Exhibit B4F). Neurological examinations do confirm some deficits, including decreased sensation in her left side. Motor strength was generally 5/5 throughout. The claimant reported improvement with physical

11

therapy in late 2019 (Exhibit B8F, B10F, B11F).  While the claimant testified her medications were constantly changing due to side effects, her medications remained relatively stable since mid-2019 (actually only decreased in dosage).  She admitted to performance of activities of daily living, including preparing simple meals, completion of household chores, and management of her finances (Exhibit B6E, B7E).

(ECF No. 14, PageID.82.)  He also took into account the medical opinion evidence

of record, stating:

In the absence of a persuasive statement of limitations by one of claimant's own medical sources supporting the extent of the claimed limitations, I find the most persuasive evidence is given to the qualified medical expert opinions related to stated Social Security limitations or restrictions such as DDS medical consultant Robin Mika, D.O., who concluded the claimant could complete medium work with frequent postural restrictions (no climbing of ladders, ropes, or scaffolds and occasional climbing of ramps/stairs) and avoidance of all heights and hazards (Exhibit B4A).  Upon reconsideration Reuben Henderson, D.O. agreed (Exhibit B11A).  I find these evaluations persuasive.  These sources provided support for their conclusions including citations to objective findings in the record, such as imaging of the brain, neurological evaluations noting decreased tone, and a narrow based gait (Exhibit B11A/13).  These findings are consistent with the updated record, as illustrated above. The claimant received no more recent treatment for seizure activity and there was reported improvement with physical therapy (Exhibit B8F, B10F, B11F).

(ECF No. 14, PageID.83.)  Furthermore, the ALJ incorporated Plaintiff's physical

limitations into her RFC, finding "the claimant capable of medium work with no

exposure to hazards, commercial driving, or ladders given her seizure disorder and

occasional to frequent remaining postural activities in consideration of her obesity

and seizure disorder."  (ECF No. 14, PageID.82.)

12

**b.**     **Mental impairments**

All of the above is also true with regard to Plaintiff's mental impairments.

The ALJ acknowledged Plaintiff's depressive disorder and anxiety disorder

diagnoses (ECF No. 14, PageID.82 (citing ECF No. 14, PageID.988-994)), but

discounted the alleged severity of Plaintiff's resulting symptoms using the medical

opinion and other evidence of record, stating:

> Dr. Shy opined the claimant was moderately limited in understanding,
> remembering, or applying complex instructions, moderately limited in
> concentrating, persisting, or maintaining pace, interacting with others,
> and adapting/managing herself (Exhibit B6F).  I agree the claimant
> could complete simple routine tasks and requires limited stress or
> changes in the work environment.  This is supported by Dr. Shy's
> clinical observations and the claimant's performance on the mental
> status assessment.  She completed serial three sequence, but not a
> serial seven.  She did not remember three objects after a delay and
> completed most simple arithmetic.  She manages a computer for
> shopping and browsing and her finances (Exhibit B6E).  I do not
> agree the claimant is moderately limited in interacting with others.
> She denied isolating behaviors and indicated she continued to get
> along with past co-workers.  The claimant denied problems getting
> along with others.  The claimant also denied any mental health
> treatment and reported she completed activities of daily living
> (Exhibit B6F, B6E).  Overall, I find Dr. Shy's opinion persuasive to
> the extent specified above.  This examiner has experience evaluating
> Social Security claims, and the regulations define use of the term
> "moderate" as functioning in any area assessed as independently,
> appropriately, effectively, and on a sustained basis [sic] is fair
> (12.00(F)(2)(c)).  Therefore, I find moderate means there is more than
> a slight limitation in this area but the individual is still able to function
> satisfactorily.
>
> DDS medical consultant Craig Brown, Ed.D. found the claimant
> capable of understand[ing] and remembering simple instructions.  He
> indicated her persistence and pace tend to fall below expected

13

> production rate, but was capable of completing simple tasks within a
> reasonable period of time.  Dr. Brown opined the claimant could adapt
> to routine demands and changes inherent in the work setting.  Upon
> reconsideration Anthony Gensterblum, Ph.D. agreed (Exhibit B11A).
> I find these opinions persuasive.  Although Dr. Brown and Dr.
> Gensterblum offered limited support, their findings are consistent with
> the opinion of Dr. Shy and the record as a whole.

(ECF No. 14, PageID.83-84.)  And, the ALJ incorporated into the RFC Plaintiff's

supported medical limitations, stating:

> In consideration of the claimant's mental impairments and complaints
> of problems focusing, remembering, or concentrating, I have limited
> her to unskilled work tasks with additional requirements for a low
> stress work environment, few if any changes in the work setting, and
> no production rate pace.

(ECF No. 14, PageID.82.)

A brief review of the record confirms the ALJ's findings, although Plaintiff

gives me no reason to doubt the accuracy of the ALJ's references to the record or

evaluation of the available medical opinions.  Nor does Plaintiff challenge the

ALJ's reliance upon those opinions or any of the other evidence cited.  *See*

*Walters*, 127 F.3d at 532 ("An ALJ may . . . consider household and social

activities engaged in by the claimant in evaluating a claimant's assertions of pain

or ailments."); SSR 16-3p, 2017 WL 5180304, at *7-8; 20 C.F.R. § 404.1529(c)(3)

(factors to be considered in evaluating the intensity, persistence, and limiting

effects of an individual's symptoms include daily activities).  *See also Dyson v.*

*Comm'r of Soc. Sec.*, 786 F. App'x 586, 590 (6th Cir. 2019) ("We regularly find

14

that substantial evidence supports a no-disability determination when the ALJ relies primarily on independent medical advice consistent with the claimant's medical records.").

Instead, she simply lists diagnoses and alleged symptoms to posit that the ALJ should have included additional limitations in the RFC or found her disabled. (ECF No. 17, PageID.1199-1200.) But Plaintiff bears the burden of proving entitlement to a more restrictive RFC, *Jordan*, 548 F.3d at 423; *Walters*, 127 F.3d at 529, and diagnoses alone say nothing of the severity of a claimant's symptoms or any resulting functional limitations, *see Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.") (citing *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)). Further, "if substantial evidence supports the ALJ's decision, the Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley*, 581 F.3d at 406 (citation omitted). *See also Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 529 (6th Cir. 1992) (nor is an ALJ required to blindly accept a claimant's testimony regarding symptoms). Accordingly, the Court should find that Plaintiff has failed to meet her burden of establishing entitlement to a more restrictive RFC.

### F. Conclusion

Plaintiff has the burden of proof on statements of error.  Plaintiff has not shown legal error that would upend the ALJ's decision, and the ALJ's decision is supported by substantial evidence.  For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 17), **GRANT** Defendant's motion for summary judgment (ECF No. 20), and **AFFIRM** the Commissioner of Social Security's decision.

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

Dated:  May 16, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE